THE STATE *v.* J. E. BURKE.

(*Knoxville.*   September Term, 1917.)

1. **INDICTMENT   AND INFORMATION.   Duplicity.   Gaming.**
   Under Thomp. Shan. Code, section 6807, providing that any per-
   son who shall keep a room, hall, or house for the purpose of
   encouraging or promoting, aiding or assisting, the playing of
   any game of keno, craps, etc., shall be deemed guilty, an in-
   dictment charging that defendant did keep "a room, hall or
   house" for promoting a gambling game named, was not void
   for duplicity as it did not state that the defendant kept more
   than one place.   (*Post, p.* 456.)

Codes cited and construed: Sec. 6807 (T. S.) Sec. 6805 (S.).

2. **INDICTMENT AND INFORMATION.   Charging two crimes.
   Surplusage.**

As that part of the indictment under Thomp. Shan. Code, section
   6807, charging that defendant then and there, and the said room
   or hall then and there being under his custody and control, did
   encourage or promote, aid or assist, in the playing of the said
   gambling game, did not charge a crime under section 6805, pro-
   viding that if any person encourages or promotes, etc., the
   playing at any game or the making of any bet or wager, for
   money or other valuable thing, he shall be guilty, etc., because
   not alleging that the game was played for money, etc., it will
   be regarded as surplusage, and the indictment *held* sufficient
   under the former section.   (*Post, pp.* 456, 457.)

---

FROM HAMBLEN.

---

Appeal from the Circuit Court of Hamblen County.
—JOHN B. HOLLOWAY, Judge.

Wm. H. Swiggart, Jr., Assistant Attorney-General, for the State.

Rufus M. Hickey, for appellee.

Mr. Justice Buchanan delivered the opinion of the Court.

The indictment reads:

"The grand jurors for the State of Tennessee, upon their oaths present: That J. E. Burke on the 7th day of May, 1917, in the State and county aforesaid, did unlawfully keep a room, hall, or house, the same being under his custody and control, for the purpose of encouraging or promoting, aiding or assisting the playing of a certain gambling game, to wit, craps, the same being a game of hazard or chance, and he, the said J. E. Burke, then and there, and the said room or hall then and there being under his custody and control, did encourage or promote, aid or assist, in the playing of the said gambling game, to wit, craps, contrary to the statute and against the peace and dignity of the state."

The defendant interposed a motion to quash, based on the following grounds:

"(1) That said indictment charges that the defendant did unlawfully keep a room, hall, or house, for the purpose of encouraging or promoting the playing of a certain gambling game, and is therefore void for duplicity; (2) that the indictment charges the defendant with encouraging or promoting, aiding or

assisting, in the playing of said gambling game, to wit, craps; and (3) that said indictment charges the keeping of a gambling room covered by section 6807 of Shannon's Code, and also with encouraging or promoting the playing of a gambling game covered by section 6805 of the Code."

The trial court sustained the motion to quash the indictment and the State appealed.

The averment that defendant did unlawfully keep "a room, hall, or house" for the purpose stated, does not mean that he kept more than one place for that purpose; on the contrary, it means that he kept one place for that purpose and no more. This is the plain sense of the words used. The statute on which this part of the indictment was based is section 6807, Thompson's Shannon's Code, and, so far as applicable to the present case, reads:

"Any person who shall keep a room, hall, or house for the purpose of encouraging or promoting, aiding, or assisting the playing of any game of keno, craps, faro, three-card monte, mustang, red and black high ball, roulette, twenty-one and hazard, . . . shall be deemed guilty of a felony, and, upon conviction, shall be fined not less than two hundred nor more than five hundred dollars, and imprisoned in the state penitentiary not less than one nor more than three years. (1883, chapter 230, section 1; 1899, chapter 5.)"

The mischief which the lawmakers intended to reach by the portion of the statute above quoted was the keeping of a place for the purpose of encourag-

ing or promoting, aiding or assisting, the playing of the prohibited games, and the keeping of such a place is therefore the gist of the offense denounced whether the place kept be "a room, hall, or house." And proof that defendant kept such a place would suffice to uphold a conviction if it showed that the place kept was either a room, hall, or house.

For the reasons above stated, we think there was no merit in the first ground of the motion to quash, as above set out.

The second and third grounds of the motion to quash present a more difficult question. These two grounds of the motion are based on the idea that the indictment, in addition to charging the offense denounced in that portion of section 6807 of said Code above set out, also charged a separate and distinct offense, to wit, that offense denounced by section 6805 of said Code, reading as follows:

"If any person encourage or promote, aid or assist, the playing at any game, or the making of any bet or wager, for money or other valuable thing, . . . he is also guilty of a misdemeanor."

The portion of the indictment on which the above insistance is based is that which occurs after the word "chance." Now, looking solely to that portion of the indictment, we are of the opinion that the points made by the second and third grounds of the motion to quash are not meritorious for the reason that this portion of the indictment does not charge that the game of craps was played for money or other valu-

State v. Burke.

able thing. Unless said game. was so played, any person might encourage, promote, aid, or assist in the playing of it without being guilty of the offense denounced by section 6805 of Shannon's Code.

We therefore hold that so much of the indictment as occurs after the word "chance," under which the second and third grounds of the motion to quash insist that a separate offense was charged, is mere surplusage. It results that, in our opinion, there was no merit in any of the grounds of the motion to quash.

The judgment of the circuit court of Hamblen county is therefore reversed, and the cause remanded for further proceedings under the indictment.